IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANDREW CASTRO, | Case No. 1:17 CV 1231 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| vs. | MAGISTRATE JUDGE JAMES R. KNEPP, II |
| COMMISSIONER OF SOCIAL SECURITY | MEMORANDUM OPINION |
| Defendant. | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge James R. Knepp, II. (ECF #16). Plaintiff challenges the final decision of the Commissioner denying his application for Supplemental Social Security Income (SSI). The Report and Recommendation, issued on June 15, 2018 is hereby ADOPTED by this Court. The Commissioner's decision denying SSI was supported by substantial evidence and the decision is AFFIRMED.

## Procedural History

Plaintiff received SSI as a child for migraines and ADHD. After he turned 18, his eligibility for benefits was re-evaluated using the rules for determining disability in adults. Plaintiff was found ineligible for SSI. That determination was upheld on reconsideration. (Tr. 25, 63, 90-93). Plaintiff requested a hearing before an administrative law judge ("ALJ"). The ALJ found Plaintiff not disabled. Plaintiff's request for review was denied by the Appeals Council and the Commissioner's decision became final. Plaintiff filed a timely complaint before Magistrate Judge Knepp on June 13, 2017. Magistrate Judge Knepp recommends that the Commissioner and

ALJ's decision denying Supplemental Security Income be affirmed. (ECF #16). No timely objection was filed.

**Standard of Review for a Magistrate Judge's Report and Recommendations**

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendations of a magistrate judge, the district court reviews the case *de novo*.

FED. R. CIV. P. 72(b) states:

> The district judge must determine *de novo* any part of the magistrate judge's dispositions that has been properly objected to. The district judge may accept, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate that appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rule commented on a district court's review of unopposed reports by magistrate judges. In regards to subsection (b) of Rule 72, the advisory committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those finding."

2

## Discussion

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence because the ALJ: 1) failed to explain his conclusion regarding whether any limitations were caused by Plaintiff's migraine headaches; 2) "cherry-picked" the record by focusing only on evidence that supported his conclusion; 3) erred in his subjective symptom analysis; 4) failed to assess the side-effects of Plaintiff's medications; and 5) failed to incorporation limitation in concentration, persistence, and pace despite significant weight to physicians who opined as to such limitations. (ECF #16).

The record does not support any evidence of clear error. The ALJ's conclusions are both reasonable and supported by substantial evidence. The ALJ properly considered all evidence and there is no requirement that all the evidence considered need to be specifically discussed. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006). The ALJ did not clearly err in his subjective symptom analysis. The ALJ considered the reported symptoms and found that they were consistent with the medically determinable impairments, but found that inconsistencies and a lack of objective evidence indicated that the claimant's allegations were neither as severe nor as frequent as he maintained. As the ALJ's subjective symptom report finding is supported by substantial evidence, the ALJ did not err in failing to include additional limitations based on Plaintiff's self-reports. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2cd 1230, 1235 (6th Cir. 1993). The ALJ did not err in the limitation determination as an ALJ is not required to adopt all limitations in a particular opinion to which he assigns weight. *See, e.g., Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015).

Magistrate Judge Knepp took all of this into consideration when he recommended to affirm the final decision of the Commissioner of Social Security denying Plaintiff's SSI. The decision was supported by substantial evidence and there is no indication of clear error.

## Conclusion

The Court has reviewed the Report and Recommendation and adopts the R&R in its entirety. (ECF #16). The decision of the Commissioner is supported by substantial evidence and no evidence of clear error exists. Defendant's final determination denying Plaintiff's claim is hereby AFFIRMED.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: July 5, 2018